IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.: 4:22-0023 |
| | ) | |
| vs. | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **DEFENDANT'S MOTION TO** |
| **BHAGAVAN MAHAMAYAVI ANTLE** | ) | **STRIKE GOVERNMENT'S** |
| a/k/a KEVIN ANTLE a/k/a DOC ANTLE | ) | **MOTION FOR DETENTION** |
| | ) | |

NOW COMES the Government, through its undersigned attorneys, who submits its response to Defendant Bhagavan Mahamayavi Antle's Motion to Strike the Government's Motion for Detention and Motion for Bond. As will be set forth in more detail below, the Government believes there is ample evidence to move for detention of the Defendant such that it is entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f). Further, based on the evidence presented at Defendant's detention hearing, the Defendant should be detained pending trial because no conditions or set of conditions will reasonably assurance the appearance of the Defendant.[1]

## PROCEDURAL HISTORY

The Defendant has been charged in a criminal complaint with violations of 18 U.S.C. § 1956(a)(3) and 18 U.S.C. § 1956(h). ECF No. 3. At Defendant's initial appearance on the Complaint, the Government requested pre-trial detention of Defendant. ECF No. 13. The Court set a hearing on the Government's motion for detention which was then continued to June 16, 2022

---

[1] In Defendant's motion, in addition to arguing the Government had no basis to move for detention, Defendant argued that bond was appropriate. This response pertains solely to whether the Government is entitled to a detention hearing pursuant to 18 U.S.C. § 3142. As such, the Government will set forth the evidence it believes warrants a detention hearing and would refer the Court to its oral argument at the hearing for the merits as to whether detention is appropriate.

at the request of the Defendant. ECF No. 22. In advance of his detention hearing, Defendant filed a motion to strike the Government's motion for detention and a motion for bond. ECF No. 28.

## LAW

When determining whether bond or detention pending trial is appropriate, 18 U.S.C. § 3142(f) sets forth the following: "[t]he judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community . . .". Subsection (f) then goes on to set forth the circumstances when the Government may move for detention. Relevant to the present case is subsection (f)(2)[2] which states:

> [U]pon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves— (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.
>
> 18 U.S.C. § 3142(f)(2).

As the Defendant sets forth in its motion, the Government has the burden to establish that it is entitled to a detention hearing. *See United States v. Anguah*, 2019 WL 406144, at *1 (E.D.N.C. 2019) (citation omitted).

When determining whether there are conditions or a combination of conditions to set a bond, the Court may consider, among other things, the factors enumerated in 18 U.S.C. § 3142(g).

---

[2] The Government agrees that subsection (f)(1) does not pertain to the present case because Defendant has been charged with money laundering pursuant to 18 U.S.C. § 1956(a)(3) and money laundering conspiracy pursuant to 18 U.S.C. § 1956(h), which is not an offense encompassed in subsection (f)(1) of 18 U.S.C. § 3142.

These factors include the nature and circumstances of the offense charged and the weight of the evidence against the person. *See* 18 U.S.C. § 3142(g)(1)-(2).

## ARGUMENT

As the Government presented and argued at Defendant's detention hearing on June 16, 2022, it believes there is sufficient evidence to warrant a detention hearing pursuant to 18 U.S.C. § 3142(f). Specifically, the evidence set forth by the Government showed the following:

- The Defendant is charged with money laundering and money laundering conspiracy and based on the circumstances of the offense, Defendant's total offense level pursuant to the Guidelines is a 26, without acceptance, such that Defendant is facing a sentence between 63-78 months. In addition, with the additional charges expected against the Defendant in the next 30 days, Defendant's total offense level will likely increase by at least two levels.

- Defendant has contacts that know how to make false identification documents. Further, Defendant is recorded advising the Government's Source to avoid text messaging and certain communication methods.

- After being arrested for the instant offense and being made aware of a federal seizure warrant for one of his bank accounts, Defendant and/or agents of the Defendant drained the Bank of America bank account of funds by transferring approximately $739,000.00 to other accounts.

- Defendant has significant financial resources.[3]

---

[3] As noted by the Court at Defendant's detention hearing, the extent of Defendant's resources was not given to the United States Probation Office when Defendant was interviewed for his pre-trial

- Defendant has assisted his co-Defendant in hiding a chimpanzee named Joey from a federal civil contempt order pending out of the Eastern District of Missouri. In fact, Defendant advised the co-Defendant to go by a different name to avoid being caught.

- Defendant was on bond for state charges out of Virginia at the time he committed the instant money laundering offenses, and he is currently subject to a detainer from Virginia for extradition.[4]

While the evidence set forth above is not an exhaustive list of what the Government presented at the detention hearing, pursuant to 18 U.S.C. § 3142(f), the Government certainly presented sufficient evidence to warrant a hearing pursuant to 18 U.S.C. § 3142(f)(2). Moreover, the weight of the evidence against Defendant is strong such that an analysis of § 3142(g)(2) favors pre-trial detention of the Defendant.

## CONCLUSION

As set forth herein, the Government has presented ample evidence to warrant a detention hearing pursuant to 18 U.S.C. § 3142(f). Moreover, when assessing the factors pursuant to 18 U.S.C. § 3142(g), the weight of the evidence and nature of the offense warrant detention of Defendant pending trial.

---

services report. As such, the veracity of the Defendant, or potential lack thereof, as to his finances alone warrants pre-trial detention.

[4] The Government acknowledges that Defendant's counsel believes the detainer and extradition request will be lifted. However, at the time of the filing of this response, the Government has no indication as to the outcome of the dispute over Defendant's detainer.

Respectfully Submitted,

COREY F. ELLIS
UNITED STATES ATTORNEY


By: *s/ Amy F. Bower*

Derek A. Shoemake (#10825)
Assistant U.S. Attorney
401 West Evans Street, Suite 222
Florence, South Carolina 29501
Tel.:    (843) 665-6688
Fax:    (843) 678-8809
Email: Derek.Shoemake@usdoj.gov

Amy F. Bower (#11784)
Assistant U.S. Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina 29401
Tel.:    (843) 727-4381
Email: Amy.Bower@usdoj.gov

5